UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 15 CR 314 |
| | ) | Hon. Amy J. St. Eve |
| EDWARD R. VRDOLYAK | ) | |

## GOVERNMENT'S RESPONSE TO MOTION TO STRIKE SURPLUSAGE FROM SUPERSEDING INDICTMENT

The UNITED STATES OF AMERICA, by JOEL R. LEVIN, Acting United States Attorney for the Northern District of Illinois, hereby responds to the defendant's motion to strike surplusage from the superseding indictment (the "Motion"). In support of this response, the government represents as follows:

## BACKGROUND

On November 3, 2016, a grand jury in this district returned a five-count superseding indictment charging defendant Edward Vrdolyak and Daniel Soso with multiple violations of the tax code, including obstructing and impeding the Internal Revenue Service, in violation of Title 26, United States Code, Section 7212 (Count One), and tax evasion, in violation of Title 26, United States Code, Section 7201 (Count Two). R. 43.[1]

Counts One and Two of the superseding indictment allege that defendant Vrdolyak and co-defendant Soso were secretly paid fees derived from the State of

1 References to the record in this case appear as "R. __."

Illinois's lawsuit against the major tobacco companies. These counts further allege that the defendants were not appointed as Special Assistant Attorneys General, were not authorized to perform any work on the case, and did not perform any work for the State of Illinois on the case. *Id.*

The defendant asks the Court to strike those portions of the indictment that concern the defendant's secret and unauthorized receipt of fees from the tobacco litigation. R. 84. For the reasons that follow, the Motion should be denied.

## ARGUMENT

### The Defendant's Motion to Strike Should Be Denied.

#### A. Applicable Law

Rule 7 of the Federal Rules of Criminal Procedure provides that a court may strike surplusage from an indictment. Fed. R. Crim. P. 7(d). The notes accompanying the rule explain that the rule is meant to protect the defendant against "immaterial" and "irrelevant" allegations in an indictment. *Id.* (advisory committee notes, 1944 adoption). However, a motion to strike portions of the indictment should be granted "'only if the targeted allegations are clearly not relevant to the charge and are inflammatory and prejudicial.'" *United States v. Black*, 469 F. Supp.2d 513, 518 (N.D. Ill. 2006) (St. Eve, J.) (quoting *United States v. Andrews*, 749 F. Supp. 1517, 1518 (N.D. Ill. 1990)). *Accord United States v. O'Connor*, 656 F.3d 630, 645 (7th Cir. 2011) (citation omitted). Indeed, "'legally relevant information is not surplusage [and] due to the exacting standard, motions to strike information as surplusage are rarely granted.'" *Black*, 46 F. Supp.2d at 518 (quoting *United States v. Bucey*, 691 F. Supp. 1077, 1081 (N.D. Ill. 1988).

### B. Application

The motion should be denied because the allegations the defendant wants stricken are relevant to the jury's understanding of the defendant's motive for committing the charged crimes, and are also relevant because they provide the jury with a complete picture of the context in which the defendant's criminal conduct took place. As described in the superseding indictment, the defendants were secretly promised a substantial portion of the tobacco fees—indeed, the evidence will show that they have so far received in excess of $10 million in fees—even though they were not authorized to perform any legal work for the State of Illinois and in fact did no such work. The evidence will show that, for a substantial period of time, Vrdolyak received payments of these fees from Individual B, and then remitted a portion of these payments to Soso. Soso's share of these payments was no ordinary attorney fee. Rather, these payments were the product of secret side agreements that were not authorized by the State of Illinois. Indeed, the evidence will show that, had the Attorney General who initiated the tobacco litigation known of these secret payments, he would have taken steps to recover the payments made to the defendants.

The defendants' secret and unauthorized receipt of this money serves to explain Vrdolyak's motive to obstruct and impede the IRS and to assist Soso in his evasion of tax payments, as well as the context in which this conduct occurred. After Vrdolyak received a levy from the IRS in 2005, Vrdolyak temporarily ceased making payment to Soso, and lied to the IRS by making it falsely appear that he no longer owed any money to Soso. Lying to IRS and helping Soso evade payment helped ensure that his

confederate continued to reap the benefit of this secret and unauthorized fee arrangement, and prevented this money from falling into the hands of the IRS. Indeed, Vrdolyak resumed making payments to Soso several years after Vrdolyak received the levy, and also negotiated with Soso about the terms on which Vrdolyak would make Soso whole for remaining back-payments due to Soso. This background also serves to demonstrate that Vrdolyak's acts were not the product of either mistake or inadvertence over some incidental legal matter, but deliberate acts calculated to ensure that a confederate continued to benefit from this large-scale, secret, and unauthorized arrangement. Because these allegations (and the evidence the government will present concerning the secret and unauthorized nature of the payments) are relevant to the charge and help put Vrdolyak's actions in context, this is not one of those rare cases where a motion to strike is proper. *O'Connor*, 656 F.3d at 645 (allegations are not surplusage when they provide complete picture of crime).

The defendants incorrectly claim that several cases, including *United States v. Rodriguez*, 545 F.2d 829, 832 (2d Cir. 1976), support the relief they seek here. They are incorrect. In *Rodriguez*, the Second Circuit merely held after the defendant was convicted at trial that the government was not required to prove the source of funds as an element of the offense of tax evasion, and therefore, allegations in the indictment concerning the source of funds were surplusage in the sense that these allegations did not have to be proven to the jury beyond a reasonable doubt. *Id.* This, however, did not mean that the source of the funds was irrelevant for purposes of trial, nor did the Second Circuit suggest that it was improper to include this information within the four corners

of the indictment in the first instance. The same is true here: Vrdolyak's motive for committing the crimes, and the context in which the crimes were committed is relevant, and therefore properly included in the indictment, though not an element of the charged offenses. *E.g.*, *United States v. Tomero*, 496 F. Supp.2d 253, 255 (S.D.N.Y. 2007) (denying motion to strike allegations concerning motive for commission of crime); *United States v. Schwimmer*, 649 F. Supp.2d 544, 549 (E.D.N.Y. 1986) (same; "the allegations appear to be particularly relevant here, as the government anticipates that the proof at trial will demonstrate that the defendant's fear of being linked to the organized crime figures who were the targets of the grand jury inquiry was a motive for his alleged endeavor to obstruct"). The Motion should therefore be denied.

WHEREFORE, the government respectfully requests that the Court enter an order (i) denying the Motion; and (ii) granting the government such other and further relief as is just and proper.

Respectfully submitted.

JOEL R. LEVIN
Acting United States Attorney

By: /s/ Amarjeet S. Bhachu
AMARJEET S. BHACHU
Assistant United States Attorney
MICHAEL T. DONOVAN
Special Assistant United States Attorney
219 South Dearborn Street
Fifth Floor
Chicago, Illinois 60604
(312) 469-6212

# CERTIFICATE OF SERVICE

Amarjeet S. Bhachu, an Assistant United States Attorney assigned to the instant matter, hereby certifies that the attached GOVERNMENT'S RESPONSE TO MOTION TO STRIKE SURPLUSAGE FROM SUPERSEDING INDICTMENT was served on September 18, 2017, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ Amarjeet S. Bhachu
AMARJEET S. BHACHU
Assistant United States Attorney
219 South Dearborn Street
Fifth Floor
Chicago, Illinois 60604