UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  15 CR 314 |
| | ) | Hon. Amy J. St. Eve |
| EDWARD R. VRDOLYAK | ) | |

### GOVERNMENT'S SUR-REPLY TO MOTION
### TO STRIKE SURPLUSAGE FROM SUPERSEDING INDICTMENT

The UNITED STATES OF AMERICA, by JOEL R. LEVIN, Acting United States Attorney for the Northern District of Illinois, hereby submits this sur-reply to the defendant's motion to strike surplusage from the superseding indictment (the "Motion"), pursuant to the Court's order directing the government to address the defendant's arguments regarding Rule 404(b) of the Federal Rules of Evidence. In support of this sur-reply, the government represents as follows:

### ARGUMENT

**The Defendant's Motion to Strike Should Be Denied.**

The defendant argues that references in the indictment to the defendant's motive for committing the charged crimes should be stricken for two general reasons: (1) references in an indictment to a defendant's motive for the commission of a crime are never appropriate; and (2) the evidence referenced in this case does not establish a motive and is not admissible pursuant to Rule 404(b) of the Federal Rules of Evidence. For the reasons discussed below, the defendant is wrong on both counts.

A.  **Motive Evidence is Properly Referenced in the Superseding Indictment.**

With regard to the defendant's first contention, that references to motive are never properly included within the four corners of the indictment, the defendant is flat wrong. Numerous cases specifically hold that inclusion of motive evidence within the indictment is proper and is not subject to motion to strike. *See, e.g.*, *United States v. El-Silimy*, 228 F.R.D. 52, 59 (D. Me. 2005) (denying motion to strike motive allegations from indictment); *United States v. Tomero*, 496 F. Supp.2d 253, 255 (S.D.N.Y. 2007) (same); *United States v. Bortnick*, No. CRIM.A.03-CR-0414, 2004 WL 2861868, at *3-4 (E.D. Pa. 2004) (same); *United States v. Trie*, 21 F. Supp.2d 7, 19 (D.D.C. 1998) (same); *United States v. Gressett*, 773 F. Supp. 270, 274 (D. Kansas 1991) (same). Accordingly, this is not a proper ground on which to strike the allegations.

B.  **The Challenged Motive Evidence Does in Fact Establish Motive and is Properly Admissible under Rule 404(b).**

The defendant's contention that his motion to strike should be granted because the evidence the government seeks to admit does not establish motive under Rule 404(b) is wrong as well. Rule 404(b) provides in pertinent part that evidence of other acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Seventh Circuit has repeatedly instructed that, under Rule 404(b), evidence of other bad acts is admissible so long as the evidence is not introduced to show the defendant's bad character, *United States v. Taylor*, 522 F.3d 731, 734-36 (7th Cir. 2008), because Rule 404(b) is intended to be a rule of inclusion, not exclusion. *United*

2

*States v. Jordan*, 722 F.2d 353, 356 (7th Cir. 1983) ("The draftsmen of Rule 404(b) intended it to be construed as one of 'inclusion,' and not 'exclusion.' They intended to emphasize the admissibility of 'other crime' evidence.") (citations and quotations omitted). In explaining the scope of Rule 404(b), the Seventh Circuit has emphasized that Rule 404(b)'s purpose "is simply to keep from the jury evidence that the defendant is prone to commit crimes or is otherwise a bad person . . . No other use of prior crimes or other bad acts is forbidden by the rule, and the draftsmen did not try to list every possible other use." *Taylor*, 522 F.3d at 735-36. Thus, Rule 404(b) permits evidence of other crimes to be introduced for many different reasons. Those relevant purposes include where the acts involved, or explained, the circumstances of the crime charged, where the acts provided the background for, or development of, the crime charged, and where the acts completed the story of the crime on trial. *Jordan*, 722 F.2d at 356 (collecting cases). And, of course, where evidence of other acts provides a motive for the crime charged, it is admissible as well. *United States v. Schmitt*, 770 F.3d 524, 534 (7th Cir. 2014) (affirming admission of evidence to prove motive for possession of firearm, namely, that defendant was a drug trafficker); *United States v. Caldwell*, 423 F.3d 754, 759 (7th Cir. 2005) (evidence portraying defendant as wealthy drug dealer admissible to prove motive for possession of firearm); *United States v. Cunningham*, 103 F.3d 553, 556 (7th Cir. 1996) (collecting cases).

In *United States v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014) (*en banc*), the Seventh Circuit held that the proponent must "first establish that the other act is relevant to a specific purpose other than the person's character or propensity to behave in a certain

3

way." The *Gomez* court cautioned that "[o]ther-act evidence need not be excluded whenever a propensity inference can be drawn. But its relevance to 'another purpose' must be established through a chain of reasoning that does not rely on the forbidden inference that the person has a certain character and acted in accordance with that character on the occasion charged in the case." The inquiry at this stage must focus on "asking *how* the evidence tends to make a particular fact of consequence more or less probable." *Id*. at 856.

The second prong of the *Gomez* test focuses on Rule 403: "If the proponent can make this initial showing, the district court must in every case assess whether the probative value of the other-act evidence is substantially outweighed by the risk of unfair prejudice and may exclude the evidence under Rule 403 if the risk is too great. *Id*. at 860; *see also United States v. Clark*, 774 F.3d 1108, (7th Cir. 2014). Rule 403 excludes evidence "that may be slightly probative through a non-propensity theory but has a high likelihood of creating unfair prejudice." *Gomez*, 763 F.3d at 857. The *Gomez* court noted the "guiding principle" that "the degree to which the non-propensity issue actually is disputed in the case will affect the probative value of the other-act evidence." *Id*.

The motive evidence here meets the requirements of *Gomez*. As the government noted in its initial response, the defendants were secretly promised a substantial portion of the tobacco fees—indeed, the evidence will show that they have so far received in excess of $10 million in fees—even though they were not authorized to perform any legal work for the State of Illinois and in fact did no such work. The evidence will show that, for a substantial period of time, Vrdolyak received payments of these fees from Individual

4

B, and then remitted a portion of these payments to Soso. Soso's share of these payments was no ordinary attorney fee. Rather, these payments were the product of secret side agreements that were not authorized by the State of Illinois—had they been known about, the unauthorized payments would have been recovered by the State of Illinois. The defendants' secret and unauthorized receipt of this money serves to explain Vrdolyak's motive to obstruct and impede the IRS and to assist Soso in his evasion of tax payments, as well as the context in which this conduct occurred. After Vrdolyak received a levy from the IRS in 2005, Vrdolyak temporarily ceased making payments to Soso, and lied to the IRS by making it falsely appear that he no longer owed any money to Soso. Lying to the IRS and helping Soso evade tax payments helped ensure that his confederate continued to reap the benefit of this secret and unauthorized fee arrangement, and prevented this money from being given to the IRS. This secret arrangement to funnel money to Soso therefore provided the reason for why Vrdolyak would go so far as to deceive the Internal Revenue Service about money due to Soso.[1]

---

1      Indeed, during the period that Vrdolyak withheld money from Soso after receiving the levy, Soso wrote an e-mail to an attorney (who had been associated with Law Firm B during the tobacco litigation, and who was copied on the letter sent by Individual B that is referenced in paragraph 1(o)(3) of the superseding indictment concerning the terms of Vrdolyak's secret compensation), and complained that Vrodlyak had withheld the money owed Soso. Among things, Soso noted that Vrdolyak had told Soso (even though Vrdolyak did no legitimate work on the tobacco litigation) that Vrdolyak had to make cash payments to "individuals and entities" exceeding one million dollars in connection with the tobacco litigation, and Soso noted that if Soso had to, Soso would file a legal action against Vrdolyak to get the money due to him, and that this would be "front page news and most definitely open a can of worms that I would rather stay closed." Vrdolyak therefore was clearly motivated to keep the unauthorized funds flowing to Soso under the radar without the IRS getting the money, to prevent Soso from opening this "can of worms," which included not only Vrdolyak's and Soso's unauthorized receipt of the fees,

5

Moreover, Vrdolyak's and Soso's receipt of unauthorized fees does not imply any propensity to obstruct or impede the IRS or to evade the payment of federal tax whatsoever. Accordingly, this provides a "propensity-free chain of reasoning for its admission," making the evidence admissible under Rule 404(b). *Gomez*, 763 F.3d at 869.

Further, Federal Rule of Evidence 403 does not preclude the admission of this motive evidence. The more probative the evidence, "the more the court will tolerate some risk of prejudice, while less probative evidence will be received only if the risk of prejudice is more remote." *United States v. Boros*, 668 F.3d 901, 909 (7th Cir. 2012) (citing *United States v. Vargas*, 552 F.3d 550, 557 (7th Cir. 2008)). The evidence of the secret and unauthorized arrangement to pay Soso a cut of the tobacco fees is extremely probative and not unfairly prejudicial. As described above, this evidence puts the crime in context and demonstrates the purpose driving Vrdolyak's effort to deceive the IRS. Further, the Court may provide the jury with limiting instructions that will place this evidence in its proper context, that is, by instructing the jury that the evidence is admitted for purpose of demonstrating the defendant's motive. The Seventh Circuit has recognized that a limiting instruction like this helps to "reduc[e] or elminat[e] any possible unfair prejudice from the introduction of [the] Rule 404(b) evidence." *United States v. Clark*, 774 F.3d 1108, 1116 (7th Cir. 2014).

---

but Vrdolyak's million-dollar-plus cash payments to individuals and entities associated with the tobacco litigation as well.

6

Defendant Vrdolyak argues that the evidence the government refers to does not establish motive. Rather, he claims that he did not direct any money to the IRS after receiving the levy simply because the levy was not addressed to him personally, and therefore he did not believe he had to personally comply with it. This claim turns out to be untrue: The defendant falsely told the IRS, in response to receiving the levy, that <u>both</u> his company and he personally did not owe any money to Soso, and that he intended to honor the levy and tender any money due to Soso to the IRS.[2] In other words, the defendant feigned compliance with the levy after receiving it, so his new explanation (assuming for the purposes of this sur-reply that it would be admissible at trial) for his misconduct is bogus.

Not only is his explanation untrue as a matter of fact, but as a matter of law, it confirms that the motive evidence the government wishes to introduce is indeed admissible. As noted above, where a defendant disputes the non-propensity inference that the government advances (as Vrdolyak does here by disclaiming any motive to lie to the IRS in order to preserve the secret payments due his confederate), then this tips in favor of the admission of the evidence under Rule 403 since the point is in dispute. *Gomez*, 763 F.3d at 857. For the foregoing reasons, this motive evidence is properly admissible under Rule 404(b). Because references to motive are properly included within an

---

2    A copy of the false statement the defendant caused to be made to the IRS in this regard is attached as Exhibit A. The government expects to introduce evidence that defendant Vrdolyak reviewed the content of this response (submitted by a subordinate, whose name is redacted) before it was sent to the IRS.

indictment, and this evidence is admissible pursuant to Rule 404(b) and therefore should be heard by the jury in any event, the motion to strike should be denied.

WHEREFORE, the government respectfully requests that the Court enter an order (i) denying the Motion; and (ii) granting the government such other and further relief as is just and proper.

        Respectfully submitted.

        JOEL R. LEVIN
        Acting United States Attorney

By:   /s/ Amarjeet S. Bhachu
        AMARJEET S. BHACHU
        Assistant United States Attorney
        MICHAEL T. DONOVAN
        Special Assistant United States Attorney
        219 South Dearborn Street
        Fifth Floor
        Chicago, Illinois 60604
        (312) 469-6212

## CERTIFICATE OF SERVICE

  Amarjeet S. Bhachu, an Assistant United States Attorney assigned to the instant matter, hereby certifies that the attached GOVERNMENT'S SUR-REPLY TO MOTION TO STRIKE SURPLUSAGE FROM SUPERSEDING INDICTMENT was served on November 13, 2017, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                /s/ Amarjeet S. Bhachu
                AMARJEET S. BHACHU
                Assistant United States Attorney
                219 South Dearborn Street
                Fifth Floor
                Chicago, Illinois 60604

# EXHIBIT A

# THE VRDOLYAKLAW GROUP, LLC
9618 S. Commercial Avenue
Chicago, IL 60617

### FACSIMILE COVER SHEET

DATE: 11/22/05

TO: Ms. ▮

FAX NO: (708) 346-7878

FROM: Thomas P. McNicholas

PAGES (INCLUDING THIS COVER SHEET) 1

IF ANY PAGES ARE MISSING, PLEASE CALL (773) 731-3311

OUR FAX NUMBER IS (773) 731-7582

************************ CONFIDENTIALITY NOTE ************************

The documents accompanying this facsimile transmission contain information which may be confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited. If you have received this facsimile in error, please notify us by collect telephone immediately so that we can arrange for the retrieval of the original document at no cost to you.

SPECIAL INSTRUCTIONS: Re: Notice of Levy - Daniel P. Soso
— Status —

As of this date, neither Edward R. Vrdolyak or The Vrdolyak Law Group, LLC have any amounts owing to Mr. Soso. We are in receipt of the levy and Mr. Vrdolyak intends to honor the levy for any future amounts that may arise until a release is received.

Thank you,

▮, CFO

VLG-PROD 000036

VLG_002-000036